Damon Rogers, Esq. (SBN 263853)
Andy Beltran, Esq. (SBN 311441)
Camille Suarkeo, Esq. (SBN 334786)
**ROGERS | BELTRAN LLP**
225 S. Lake Avenue, Suite 300
Pasadena, CA 91101
Tel: (213) 900-9004
Fax: (213) 900-9005
Damon@RogersBeltran.com
Andy@RogersBeltran.com
Camille@RogersBeltran.com

Attorneys for Plaintiff
ARTHUR LUNA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR LUNA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE, a public entity; CITY OF LAKE ELSINORE, a public entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 5:21-cv-467<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **UNREASONABLE SEARCH AND SEIZURE – DETENTION AND ARREST (42 U.S.C. § 1983)**<br>2. **UNREASONABLE SEARCH AND SEIZURE – EXCESSIVE FORCE (42 U.S.C. § 1983)**<br>3. **SUBSTANTIVE DUE PROCESS**<br>4. **MUNICIPAL LIABILITY - RATIFICATION (42 U.S.C. § 1983)**<br>5. **MUNICIPAL LIABILTY – INADEQUATE TRAINING (42 U.S.C. § 1983)**<br>6. **MUNICIPAL LIABILITY – UNCONSTITUTIONAL CUSTOM, PRACTICE OR POLICY (42 U.S.C. § 1983)**<br>7. **FALSE ARREST/FALSE IMPRISONMENT**<br>8. **BATTERY**<br>9. **NEGLIGENCE**<br>10. **BANE ACT (CAL. CIVIL CODE 52.1)**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

Plaintiff Arthur Luna, an individual, brings this Complaint against Defendants County of Riverside, City of Lake Elsinore, and DOES 1 through 100, inclusive, and hereby alleges as follows:

## INTRODUCTION

1. The civil rights and state tort action seeks compensatory and punitive damages for serious injuries sustained by Plaintiff Arthur Luna when he was unlawfully arrested and assaulted and beaten by deputies working for the Riverside County Sheriff's Department on or about April 25, 2020.

2. DOE DEPUTIES, who are sheriff's deputies working for the County of Riverside and City of Lake Elsinore, proximately caused Plaintiff's injuries, including by integrally participating or failing to intervene in the unlawful arrest, and assault and battery upon Plaintiff Arthur Luna, and by engaging in other acts and/or omissions around the time of the assault and battery that resulted in Plaintiff's injuries. Defendants DOE DEPUTIES are directly liable for Plaintiff's injuries under federal law pursuant to 42 U.S.C. § 1983.

3. In addition, Defendants County of Riverside, City of Lake Elsinore, and DOES 1 – 100 also proximately caused Plaintiff's injuries and are liable under state law as well as under principles set forth in *Monell v. Department of Social Services*, 437 U.S. 658 (1978).

4. The policies and customs behind unlawfully arresting, assaulting and beating civilians such as Plaintiff Arthur Luna are fundamentally unconstitutional and constitute a menace of major proportions to the public. Accordingly, Plaintiff herein seeks by means of this civil rights action to hold accountable those responsible for the unlawful arrest, assault and battery upon Plaintiff Arthur Luna and to challenge Defendants County of Riverside and City of Lake Elsinore's unconstitutional policies and practices. This civil rights action is firmly in the public interest.

//
//
//
//

**JURISDICTION AND VENUE**

5.      This case arises under 42 U.S.C. §§ 1983 and 1988, as well as California law. This court has subject matter jurisdiction over Plaintiff's federal question and civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has jurisdiction over Plaintiff's supplemental state law claims under 28 U.S.C. § 1367 as those claims arise out of the same transactions and occurrences as Plaintiff's federal question claims.

6.      Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) because all incidents, events, and occurrences giving rise to this action occurred in the County of Riverside, California.

**PARTIES**

7.      Plaintiff Arthur Luna was at all relevant times a resident of the State of California.

8.      At all relevant times, Defendant County of Riverside (hereafter "COUNTY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. COUNTY is a chartered subdivision of the State of California with the capacity to be sued. COUNTY is responsible for the actions, omission, policies, procedures, practices, and customs of its various agents and agencies, including the Riverside County Sheriff's Department (hereafter "RCSD") and its agents and employees. At all relevant times, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the RCSD and its employees and agents complied with the laws of the United States and of the State of California.

9.      At all relevant times, Defendant City of Lake Elsinore (hereafter "CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omission, policies, procedures, practices, and customs of its various agents and agencies, including the RCSD and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the RCSD and its employees and agents complied with the laws of the

1   United States and of the State of California. At all relevant times, CITY had a contract with
2   COUNTY for police services to be performed within the CITY by the RCSD.

3         10.    DOES 1 – 3 (hereafter "DOE DEPUTIES") are sheriff's deputies working for the
4   RCSD. DOE DEPUTIES were acting under color of law within the course and scope of their
5   employment with the RCSD. DOE DEPUTIES were acting with the complete authority and
6   ratification of their principals, Defendant COUNTY and Defendant CITY.

7         11.    Defendants DOES 4 – 6 ("SUPERVISORY DOES") are managerial, supervisorial,
8   and policymaking employees of the RCSD, who were acting under color of law within the course
9   and scope of their duties as managerial, supervisorial, and policymaking employees for the RCSD.
10  SUPERVISORY DOES were acting with the complete authority and ratification of their principals,
11  Defendant COUNTY and Defendant CITY.

12        12.    On information and belief, DOES 1 – 6 were at all relevant times residents of the
13  State of California.

14        13.    The true names and/or capacities, whether individual, plural, corporate, partnership,
15  associate, or otherwise, of Defendants DOES 1 through 100, inclusive, and each of them, are
16  unknown to Plaintiff, who therefore sue said defendants by such fictitious names. Plaintiff is
17  informed, believes and thereon alleges that each of the defendants fictitiously named herein as DOE
18  are legally responsible, negligently or in some other actionable manner, for the events and
19  happenings hereinafter referred to, and thereby proximately caused the injuries and damages to
20  Plaintiff as herein alleged. Plaintiff will seek leave of court to amend this Complaint and state the
21  true names and/or capacities of said fictitiously named defendants when the same have been
22  ascertained.

23        14.    In doing the acts and failing and omitting to act as hereinafter described, Defendants
24  DOE DEPUTIES were acting on the implied and actual permission and consent of SUPERVISORY
25  DOES, COUNTY and CITY.

26        15.    In doing the acts and failing and omitting to act as hereinafter described, Defendants
27  SUPERVISORY DOES were acting on the implied and actual permission and consent of COUNTY
28  and CITY.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

16. At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

17. All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

18. All Defendants who are natural persons, including DOES 1-100, are sued individually and in their official capacities as deputies, sergeants, captains, commanders, supervisors, and/or civilian employees, agents policy makers, and representatives for the RCSD.

19. Plaintiff suffered injuries as a direct and proximate result of the actions of Defendants DOE DEPUTIES. Defendants DOE DEPUTIES are directly liable for Plaintiff's injuries and damages under federal law pursuant to 42 U.S.C. § 1983.

20. Defendants COUNTY, CITY, and SUPERVISORY DOES are liable for Plaintiff's injuries under California law and under the doctrine of *respondeat superior*. Liability under California law for public entities and public employees is based upon California Government Code §§ 815.2, 820, and 820.8.

21. On September 25, 2020, Plaintiff filed comprehensive and timely claims for damages with the City of Lake Elsinore pursuant to applicable sections of the California Government Code.

22. On September 28, 2020, the City of Lake Elsinore denied said claim.

23. On September 28, 2020, Plaintiff filed comprehensive and timely claims for damages with the County of Riverside pursuant to applicable sections of the California Government Code.

24. On October 1, 2020, the County of Riverside denied said claim.

//
//
//
//

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

2        25.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 24

3 of this Complaint with the same force and effect as if fully set forth herein.

4        26.     On April 25, 2020, at approximately 10:57 p.m., DOE DEPUTIES responded to a

5 domestic disturbance call at Plaintiff's residence, located in the 1800 block of East Lakeshore Drive

6 in the City of Lake Elsinore and the County of Riverside.

7        27.     After DOE DEPUTIES arrived on scene on April 25, 2020, they knocked on the door

8 of Plaintiff's residence. At that time, Plaintiff was unaware of the purpose of DOE DEPUTIES'

9 presence at his residence. After a brief inquiry, Plaintiff Arthur Luna opened the door and stepped

10 outside onto the front porch.

11        28.     After Plaintiff Arthur Luna stepped out, DOE DEPUTIES asked Plaintiff to sit down

12 on the bench located on the front porch. Plaintiff complied with DOE DEPUTIES' request.

13        29.     As Plaintiff Arthur Luna remained seated on the front porch, two of the DOE

14 DEPUTIES entered Plaintiff's residence to speak with Plaintiff's live-in girlfriend as one of the

15 DOE DEPUTIES remained outside with Plaintiff.

16        30.     Shortly thereafter, DOE DEPUTIES concluded their investigation and determined

17 that Plaintiff Arthur Luna did not assault anyone or commit any other crime.

18        31.     After the two DOE DEPUTIES spoke to Plaintiff Arthur Luna's live-in girlfriend,

19 they stepped outside of Plaintiff's home and back onto the front porch. At this time, all three DOE

20 DEPUTIES surrounded Plaintiff while he remained seated on the bench located on the front porch.

21        32.     At this time, Plaintiff Arthur Luna asked the DOE DEPUTIES if he was under arrest.

22 The DOE DEPUTIES responded to Plaintiff by stating that he was not under arrest. Plaintiff then

23 stood up and began to walk towards the front door of his residence. As Plaintiff began walking

24 towards the front door of his residence, the DOE DEPUTIES then stopped Plaintiff and told him

25 that they were placing him under arrest.

26        33.     After the DOE DEPUTIES told Plaintiff Arthur Luna that he was going to be placed

27 under arrest, Plaintiff requested that the DOE DEPUTIES use two sets of handcuffs because he has

28 previously had shoulder surgery and is unable to comfortably place his hands behind his back.

34.     The DOE DEPUTIES denied Plaintiff Arthur Luna's request and began screaming and commanding Plaintiff to get on the ground as the DOE DEPUTIES simultaneously began using force upon Plaintiff to take him to the ground. Plaintiff was then taken to the ground by the DOE DEPUTIES who then began to repeatedly strike Plaintiff on his face and body with closed fists.



35.     The use of force by DOE DEPUTIES upon Plaintiff Arthur Luna was excessive and objectively unreasonable under the circumstances because at all relevant times, Plaintiff did not pose an immediate threat of death or bodily injury to anyone. Moreover, Plaintiff was unarmed, compliant, and had just been told that he was not being placed under arrest immediately prior to DOE DEPUTIES unilaterally deciding to arrest Plaintiff without probable cause that he had committed any crime.

36.     The DOE DEPUTIES placed Plaintiff Arthur Luna under arrest for alleged violation of California Penal Code § 69, subdivision (a), resisting a peace officer using force without any underlying charge.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

37.     As a result of said arrest, Plaintiff Arthur Luna was forced to incur bail bond fees in order to be released from custody.

38.     After his release, Plaintiff Arthur Luna was given a notice to appear in court, at the Southwest Justice Center of the Riverside County Superior Court, to be arraigned on charges stemming from the April 25, 2020 arrest.

39.     On August 27, 2020, the Office of the District Attorney for the COUNTY provided Plaintiff Arthur Luna with a letter which stated, "As of today's date, our office shows no record of charges being filed against ARTHUR ANGEL LUNA, with an offense date of 4/25/2020, for a violation of section 69 of the Penal Code."

40.     On December 24, 2020, the RCSD mailed Plaintiff Arthur Luna a letter which stated the following:

> On [April 25, 2020], you were arrested and booked into the Riverside County Jail System. After reviewing the criminal complaint, the prosecuting authority (generally the Riverside County District Attorney's Office) has not filed criminal charges at this time. In compliance with the provisions of Section 849.5 of the California Penal Code, as amended, we are notifying you that our records of your involvement in this incident have been changed from "Arrest" to a "Detention."

## FIRST CLAIM FOR RELIEF

### Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C. § 1983)

#### (As Against Defendants DOE DEPUTIES)

41.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 39 of this Complaint with the same force and effect as if fully set forth herein.

42.     When Defendants DOE DEPUTIES began to use force upon Plaintiff Arthur Luna and then handcuffed him, they violated Plaintiff's right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment of the United States and applied to state actors by the Fourteenth Amendment. Defendants DOE DEPUTIES further violated Plaintiff Arthur Luna's Fourth Amendment rights when DOE DEPUTIES detained and arrested Plaintiff on April 25, 2020, separate and apart from DOE DEPUTIES initial use of force and handcuffing.

//

43.     The conduct of Defendants DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES.

44.     As a result of their misconduct, Defendants DOE DEPUTIES are liable for Plaintiff's injuries, either because they were integral participants in the wrongful detention and arrest of Plaintiff, and/or because they failed to intervene to prevent these violations.

45.     Plaintiff brings this claim in his individual capacity and in each case seeks compensatory damages, past and future financial loss, physical injuries, pain and suffering, and emotional and mental distress for the violation of Plaintiff's rights. Plaintiff also seeks punitive damages and attorney's fees under this claim.

## SECOND CLAIM FOR RELIEF

### Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)

(As Against Defendants DOE DEPUTIES)

46.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 45 of this Complaint with the same force and effect as if fully set forth herein.

47.     Defendants DOE DEPUTIES' unjustified use of force deprived Plaintiff Arthur Luna of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

48.     The use of force was excessive and unreasonable when they repeatedly struck Plaintiff Arthur Luna in the face and body, especially because Plaintiff was unarmed, compliant, and had just been told that he was not being placed under arrest immediately prior to DOE DEPUTIES unilaterally deciding to arrest Plaintiff without probable cause that he had committed any crime.

49.     As a result of Defendants DOE DEPUTIES' use of force, Plaintiff Arthur Luna suffered physical injuries, mental and emotional distress, past and future medical bills, and other financial loss.

50.     Defendants DOE DEPUTIES' use of force violated their training, including their failure to specifically warn Plaintiff that they would use force on him if he did not comply with a specific command.

51.     The conduct of Defendants DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES.

52.     As a result of their misconduct, Defendants DOE DEPUTIES are liable for Plaintiff's injuries, either because they were integral participants in the wrongful detention and arrest of Plaintiff, and/or because they failed to intervene to prevent these violations.

53.     Plaintiff brings this claim in his individual capacity and in each case seeks compensatory damages, past and future financial loss, physical injuries, pain and suffering, and emotional and mental distress for the violation of Plaintiff's rights. Plaintiff also seeks punitive damages and attorney's fees under this claim.

**THIRD CLAIM FOR RELIEF**

**Substantive Due Process (42 U.S.C. § 1983)**

(As Against Defendants DOE DEPUTIES)

54.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 53 of this Complaint with the same force and effect as if fully set forth herein.

55.     Plaintiff Arthur Luna had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in his person or home.

56.     The aforementioned actions of Defendants DOE DEPUTIES, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Plaintiff Arthur Luna, and with purpose to harm unrelated to any legitimate law enforcement objective.

//

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

57.     As a direct and proximate cause of the acts of Defendants DOE DEPUTIES, Plaintiff suffered physical injuries, mental and emotional distress, past and future medical bills, and other financial loss.

58.     The conduct of Defendants DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES.

59.     As a result of their misconduct, Defendants DOE DEPUTIES are liable for Plaintiff's injuries, either because they were integral participants in the wrongful detention and arrest of Plaintiff, and/or because they failed to intervene to prevent these violations.

60.     Plaintiff brings this claim in his individual capacity and in each case seeks compensatory damages, past and future financial loss, physical injuries, pain and suffering, and emotional and mental distress for the violation of Plaintiff's rights. Plaintiff also seeks punitive damages and attorney's fees under this claim.

**FOURTH CLAIM FOR RELIEF**

**Municipal Liability - Ratification (42 U.S.C. § 1983)**

(As Against Defendants COUNTY, CITY and SUPERVISORY DOES)

61.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 60 of this Complaint with the same force and effect as if fully set forth herein.

62.     Defendants DOE DEPUTIES acted under color of law.

63.     The acts of Defendants DOE DEPUTIES deprived Plaintiff of his particular rights under the United States Constitution.

64.     Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants DOE DEPUTIES, ratified (or will ratify) Defendants DOE DEPUTIES' acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) Defendants DOE DEPUTIES' acts, which include the unlawful detention and arrest of Plaintiff Arthur Luna and use of excessive force against Plaintiff.

65.     Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendants DOE DEPUTIES were "within policy."

66.     Plaintiff brings this claim in his individual capacity and in each case seeks compensatory damages, past and future financial loss, physical injuries, pain and suffering, and emotional and mental distress for the violation of Plaintiff's rights. Plaintiff also seeks punitive damages and attorney's fees under this claim.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(As Against Defendants COUNTY, CITY and DOES 4 - 100)

67.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 66 of this Complaint with the same force and effect as if fully set forth herein.

68.     Defendants DOE DEPUTIES acted under color of law.

69.     The acts of Defendants DOE DEPUTIES deprived Plaintiff of his particular rights under the United States Constitution.

70.     The training policies of Defendants COUNTY, CITY and DOES 4 – 100 were not adequate to train their deputies to handle the usual and recurring situations with which they must deal.

71.     Defendants COUNTY, CITY and DOES 4 – 100 were deliberately indifferent to the obvious consequences of their failure to train their deputies adequately. Specifically, Defendants COUNTY, CITY and DOES 4 – 100 failed to adequately train their deputies with regard to deciding when it is appropriate to detain and arrest an individual, the use of unreasonable and excessive force, and use of proper police tactics.

72.     The failure of Defendants COUNTY, CITY and DOES 4 – 100 to provide adequate training caused the deprivation of the Plaintiff's rights by Defendants DOE DEPUTIES; that is, the defendants' failure to train is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

//

73.     By reason of the aforementioned acts and omissions, Plaintiff Arthur Luna suffered serious bodily injury, emotional and mental distress, and financial loss. Accordingly, Defendants COUNTY, CITY and DOES 4 – 100 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

74.     Plaintiff brings this claim in his individual capacity and in each case seeks compensatory damages, past and future financial loss, physical injuries, pain and suffering, and emotional and mental distress for the violation of Plaintiff's rights. Plaintiff also seeks punitive damages and attorney's fees under this claim.

## SIXTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(As Against Defendants COUNTY, CITY and DOES 4 - 100)

75.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 74 of this Complaint with the same force and effect as if fully set forth herein.

76.     Defendants DOE DEPUTIES acted under color of law.

77.     Defendants DOE DEPUTIES acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendants COUNTY, CITY and DOES 4 – 100.

78.     On information and belief, Defendants DOE DEPUTIES were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the detention, arrest or use of force upon Plaintiff Arthur Luna.

79.     On information and belief, Defendants COUNTY, CITY, DOES 4 – 100 and DOE DEPUTIES, together with other COUNTY and CITY policymakers and supervisors, maintained inter alia, the following unconstitutional customs, practices, and policies:

a)     Using excessive force, including excessive deadly force;

b)     Providing inadequate training regarding the use of force;

c)     Employing and retaining as deputies individuals such as Defendants DOE DEPUTIES, whom Defendants COUNTY and CITY at all times material herein knew or reasonably should have known had dangerous propensities

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

for abusing their authority and for using excessive force;

d) Inadequately supervising, training, controlling, assigning, and disciplining COUNTY and CITY police officers, and other personnel, including Defendants DOE DEPUTIES, who Defendants COUNTY and CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by COUNTY deputies, including Defendants DOE DEPUTIES;

f) Failing to adequately discipline COUNTY deputies for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

g) Announcing that unjustified use of force incidents are "within policy," including incidents that were later determined in court to be unconstitutional;

h) Even where use of force incidents are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the deputies involved;

i) Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code the officer being questioned will claim ignorance of the other officers' wrongdoing;

j) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police misconduct, including failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1    participate in the unlawful use of force upon unarmed people.

2    80.    By reason of aforementioned acts and omissions, Plaintiff suffered physical injuries,

3    mental and emotional distress, past and future medical bills, and other financial loss.

4    81.    Defendants COUNTY, CITY and DOES 4 – 100, together with various other

5    officials, whether named or unnamed, had either actual or constructive knowledge of the deficient

6    policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated

7    above, these defendants condoned, tolerated and through actions and inactions thereby ratified such

8    policies. Said defendants also acted with deliberate indifference to the foreseeable effects and

9    consequences of these policies with respect to the constitutional rights of Plaintiff and other

10   individuals similarly situated.

11   82.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and

12   other wrongful acts, Defendants COUNTY, CITY and DOES 4 – 100 acted with intentional,

13   reckless, and callous disregard for the life and constitutional rights of Plaintiff Arthur Luna.

14   Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by

15   Defendants COUNTY, CITY and DOES 4 – 100 were affirmatively linked to and were a

16   significantly influential force behind Plaintiff's injuries.

17   83.    Accordingly, Defendants COUNTY, CITY and DOES 4 – 100 each are liable to

18   Plaintiff for compensatory damages under 42 U.S.C. § 1983.

19   84.    Plaintiff brings this claim in his individual capacity and in each case seeks

20   compensatory damages, past and future financial loss, physical injuries, pain and suffering, and

21   emotional and mental distress for the violation of Plaintiff's rights. Plaintiff also seeks punitive

22   damages and attorney's fees under this claim.

23

24   **SEVENTH CLAIM FOR RELIEF**

25   **False Arrest/False Imprisonment**

26   (As Against Defendants COUNTY, CITY and DOE DEPUTIES)

27   85.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 84

28   of this Complaint with the same force and effect as if fully set forth herein.

86.     Defendants DOE DEPUTIES, while working as sheriff's deputies for the RCSD, and acting within the course and scope of their duties, intentionally deprived Plaintiff Arthur Luna of his freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress when they used excessive force on him and then placed handcuffs on him, thereby arresting him. Plaintiff was further falsely arrested and imprisoned after the use of excessive force upon Plaintiff, when he was placed under arrest without probable cause.

87.     The conduct of DOE DEPUTIES was a substantial factor in causing harm to Plaintiff.

88.     Defendant COUNTY and CITY are vicariously liable for the wrongful acts of Defendants DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

89.     The conduct of Defendants DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES.

90.     As a result of their misconduct, Defendants DOE DEPUTIES are liable for Plaintiff's injuries, either because they were integral participants in the wrongful detention and arrest of Plaintiff, and/or because they failed to intervene to prevent these violations.

91.     Plaintiff brings this claim in his individual capacity and in each case seeks compensatory damages, past and future financial loss, physical injuries, pain and suffering, and emotional and mental distress for the violation of Plaintiff's rights. Plaintiff also seeks punitive damages and attorney's fees under this claim.

## EIGHTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820 and California Common Law)

(As Against Defendants COUNTY, CITY and DOE DEPUTIES)

92.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 92 of this Complaint with the same force and effect as if fully set forth herein.

//

93.    Defendants DOE DEPUTIES, while working as sheriff's deputies for the RCSD, and acting within the course and scope of their duties, intentionally performed a leg sweep maneuver on Plaintiff Arthur Luna and then proceeded to repeatedly strike Plaintiff in the face and body without providing Plaintiff a reasonable opportunity to comply with Defendants DOE DEPUTIES unlawful orders, and without providing Plaintiff with any warning.

94.    As a result of the actions of Defendants DOE DEPUTIES, Plaintiff Arthur Luna suffered serious bodily injury, emotional and mental distress, and financial loss.

95.    Defendants DOE DEPUTIES had no legal justification for using force against Plaintiff Arthur Luna, and said defendants' use of force while carrying out their duties as sheriff's deputies was an excessive and unreasonable use of force, particularly because Plaintiff was unarmed, compliant, did not pose an immediate threat to the life or bodily injury of any individual, including any officer, and had just been told that he was not being placed under arrest immediately prior to DOE DEPUTIES unilaterally deciding to arrest Plaintiff without probable cause that he had committed any crime.

96.    As a direct and proximate result of the conduct of Defendants DOE DEPUTIES as alleged above, Plaintiff suffered emotional and mental distress, pain, and was injured in mind and body.

97.    Defendant COUNTY and CITY are vicariously liable for the wrongful acts of Defendants DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

98.    The conduct of Defendants DOE DEPUTIES was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES.

99.    Plaintiff brings this claim in his individual capacity and in each case seeks compensatory damages, past and future financial loss, physical injuries, pain and suffering, and emotional and mental distress for the violation of Plaintiff's rights. Plaintiff also seeks punitive damages and attorney's fees under this claim.

## NINTH CLAIM FOR RELIEF

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

(As Against all Defendants)

100.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 99 of this Complaint with the same force and effect as if fully set forth herein.

101.    The actions and inactions of Defendants were negligent and reckless, including but not limited to:

   a)    The failure to properly and adequately assess the need to detain, arrest, and use force against Plaintiff Arthur Luna;

   b)    The negligent tactics and handling of the situation with Plaintiff Arthur Luna;

   c)    The negligent detention, arrest, and use of force against Plaintiff Arthur Luna;

   d)    The failure to properly train and supervise employees, both professional and non-professional, including Defendants DOE DEPUTIES;

   e)    Negligent handling of evidence.

102.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiffs suffered past and future financial loss, physical injuries, and emotional and mental distress.

103.    Defendant COUNTY and CITY are vicariously liable for the wrongful acts of Defendants DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability. Plaintiffs do not assert direct liability against the COUNTY or CITY.

104.    Plaintiff brings this claim in his individual capacity and in each case seeks compensatory damages, past and future financial loss, physical injuries, pain and suffering, and emotional and mental distress for the violation of Plaintiff's rights. Plaintiff also seeks punitive damages and attorney's fees under this claim.

//

**TENTH CLAIM FOR RELIEF**

**(Violation of Cal. Civil Code § 52.1)**

(As Against all Defendants)

105.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 104 of this Complaint with the same force and effect as if fully set forth herein.

106.    California Civil Code section 52.1 (the Bane Act) prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

107.    On information and belief, Defendants DOE DEPUTIES, inclusive, while working for the COUNTY and CITY, and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against Plaintiff Arthur Luna, including the use of excessive force without justification or excuse, and by integrally participating and failing to intervene in the above violence.

108.    When Defendants DOE DEPUTIES used excessive force on Plaintiff Arthur Luna, while unlawfully arresting him without probable cause, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to be free from state actions that shock the conscience, and to life, liberty, and property.

109.    On information and belief, Defendants intentionally and spitefully committed the above acts to discourage Plaintiff Arthur Luna from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was and is fully entitled to enjoy.

110.    On information and belief, Plaintiff reasonably believed and understood that the violent acts committed by Defendants DOE DEPUTIES were intended to discourage them from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

111.    Defendants successfully interfered with the above civil rights of Plaintiff Arthur Luna.

//

112.    The conduct of Defendants was a substantial factor in causing Plaintiff's harms, losses, injuries, and damages.

113.    Defendants COUNTY and CITY are vicariously liable for the wrongful acts of Defendants DOE DEPUTIES pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability. Plaintiffs do not assert direct liability against the COUNTY or CITY.

114.    Defendants 4 – 100 are vicariously liable under California law and the doctrine of *respondeat superior*.

115.    The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE DEPUTIES.

116.    Plaintiff brings this claim in his individual capacity and in each case seeks compensatory damages, past and future financial loss, physical injuries, pain and suffering, and emotional and mental distress for the violation of Plaintiff's rights. Plaintiff also seeks punitive damages and attorney's fees under this claim.

//
//
//
//
//
//
//
//
//
//
//
//

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Arthur Luna requests entry of judgment in his favor and against Defendants, and each of them, as follows:

1. For compensatory damages, including physical injuries, pain and suffering, past and future medical expenses, past and future financial loss, loss of consortium, and mental and emotional distress;

2. For punitive damages against the individual defendants in an amount to be proven at trial;

3. For interest;

4. For reasonable costs of this suit and attorneys' fees; and

5. For such other and further relief as this Court may deem just, proper, and appropriate.


**ROGERS | BELTRAN LLP**

DATED:  March 16, 2021

By:_____
ANDY BELTRAN, ESQ.,
Attorneys for Plaintiff,
ARTHUR LUNA


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a Jury Trial.

**ROGERS | BELTRAN LLP**

DATED:  March 16, 2021

By:_____
ANDY BELTRAN, ESQ.,
Attorneys for Plaintiff,
ARTHUR LUNA

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL